UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| PAVARINI CONSTRUCTION CO., INC., for itself and for the use and benefit of STEADFAST INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>G & E FLORIDA CONTRACTORS, INC., and ACE AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.:<br>1:14-cv-23666-UU |

## JUDGMENT

Plaintiff Pavarini Construction Co., Inc. ("Pavarini"), for itself and for the use and benefit of Steadfast Insurance Company ("Steadfast"), having filed this lawsuit against Defendant G&E Florida Contractors, Inc. ("G&E");

The parties having consented to the exercise of jurisdiction by this Court; and

The parties having advised the Court that they have resolved their dispute as fully stated in the Confidential Settlement Agreement dated November 23, 2015, and having consented to the terms of this Judgment and requested its entry by the Court;

The Court enters the following Findings of Fact and Order:

**Findings of Fact:**

1. Pavarini was hired as the general contractor for the construction of a 48-story residential condominium tower with 326 units and related improvements in Miami, Florida (the "Project").

2. Pavarini entered into a subcontract with G&E on August 1, 2002 to perform certain work on the Project, including post tensioning, rebar and concrete work ("G&E Subcontract").

3. G&E retained lower tier subcontractors to perform the work in connection with the G&E Subcontract. Specifically, G&E retained Standard Construction Services Corp. to perform the post-tensioning and rebar work, and C&C Concrete Pumping to perform the concrete work.

4. ACE provided the primary layer of commercial general liability ("CGL") insurance coverage in the CCIP (Policy No. HDO G18401526), with limits of $2 million per occurrence (the "ACE Policy"), and AGLIC provided the first excess layer of CGL coverage in the CCIP (Policy No. AUC 5255049 00), with limits of $25 million per occurrence (the "AGLIC Policy").

5. Pavarini and G&E are both insureds under the ACE and AGLIC Policies.

6. Pavarini also purchased a subcontractor default insurance policy from Steadfast (Policy No. SGD 9306239-00) with limits of $25 million arising out of the default of any of Pavarini's enrolled subcontractors ("Subguard Policy").

7. G&E was enrolled in the Subguard program.

8. After the Project was completed, Jade Residences at Brickell Bay Condominium Association, Inc. (the "Association") filed a lawsuit against Pavarini, G&E and others for damage to the Project caused by G&E's improper installation of the post-tensioning and rebar.

9. The Association retained Atkins Engineering, which determined that G&E improperly installed the post-tension cables and certain rebar.

10. Atkins determined that the post-tension cables were not cut properly, which prevented the grease caps from seating properly on the post-tension cable ends, causing the cable ends to rust and bleed onto the Project façade and paint, as well as cracking of the concrete and stucco on the balcony edges and sheer walls.

11. Atkins also determined that certain rebar was installed improperly, which caused rusting and cracking on the balconies.

12. Pavarini demanded that G&E repair the damage due to its improper work and/or indemnify Pavarini for all costs incurred as a result of G&E's defective work, as required by the terms of the G&E Subcontract.

13. G&E failed to make repairs and failed to indemnify Pavarini for the damage, in breach of the Subcontract and Pavarini defaulted G&E

14. Pavarini, with ACE's knowledge and consent, settled the claims filed by the Association in connection with G&E's deficient work.

15. Pavarini has and is continuing to repair the damage at the Project caused by and arising out of G&E's deficient work, including all physical injury to the Project.

16. These repair costs include, but are not limited to, costs incurred to investigate the cause of the physical injury to the Project, remove and replace damaged stucco and concrete, chip out grout around the post-tension cable ends, repair the defective post-tension cable ends and rebar, repaint the damaged exterior, repair balcony tiles and other materials that were damaged during the repair process, and mitigate further damage.

17. Because of G&E's default, Pavarini made a claim under the Subguard Policy issued by Steadfast.

18. Steadfast acknowledged the default and reimbursed Pavarini $18,984,928.00 for

costs Pavarini incurred and paid to repair damage at the Project, including physical injury to the Project, due to G&E's defective work and default.

19. Pavarini has incurred $1,073,997.45 in costs to repair damage at the Project, including physical injury to the Project, due to G&E's defective work, which has not been reimbursed by Steadfast.

20. Pavarini expects to incur an additional $1,891,075.20 to complete repairs.

21. Under the Subguard Policy, Steadfast is entitled to seek recovery (through subrogation or otherwise) of the amounts it paid to Pavarini for the repair of the damage to the Project due to G&E's defective work from G&E.

22. On May 4, 2015, Steadfast assigned all of its rights of recovery to Pavarini in this matter.

23. Pavarini, for itself and on behalf of Steadfast filed suit against G&E for subrogation, breach of contract, negligence and indemnity to recover the costs both Pavarini and Steadfast incurred for the repair of damage to the Project due to G&E's defective work.

24. G&E is liable to Pavarini, for itself and for the use and benefit of Steadfast, for those costs and damages incurred by Steadfast and Pavarini in connection with the repair of damage, including physical damage at the Project, caused by or arising out of G&E's work on the Project.

25. Pavarini, for itself and for the use and benefit of Steadfast, contends that approximately $12,000,000 of the total costs incurred to repair the damage caused by or arising out of G&E's work on the Project were damages incurred because of physical injury to the Project that is covered by G&E's insurers under the ACE and AGLIC Policies.

26. After engaging in litigation on these issues, G&E admits liability in the amount of $12,000,000 for damages because of property damage and physical injury to the Project.

Based on the foregoing Findings of Fact, the Court hereby enters the present Order.

**Order:**

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment is entered for Plaintiff Pavarini Construction Co., Inc., for itself and for the use and benefit of Steadfast Insurance Company, against Defendant G&E Florida Contractors, Inc. in the total amount of twelve million dollars ($12,000,000.00); it is further

ORDERED that interest at the legal rate of 4.75% shall accrue on said amount from the date of this Consent Judgment.

DATED: 11/30/15

URSULA UNGARO
United Stated District Judge

Consented to by:

/s Kimberly Ramey
Kimberly Ramey
Counsel for Defendant
G&E Florida Contractors, Inc.


/s Melissa C. Lesmes
Melissa C. Lesmes
Counsel for Plaintiff
Pavarini Construction, Co. Inc.